UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIA BULLARD,

    Plaintiff,

v.                                CASE NO. 8:19-cv-289-T-23MCR

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

**<u>ORDER</u>**

    This Social Security appeal challenges the commissioner's decision denying the plaintiff's disability application.  The plaintiff requests (Doc. 1) a reversal of the final administrative decision because the plaintiff is allegedly disabled and was wrongfully denied benefits.  The magistrate judge recommends (Doc. 24) affirming the commissioner's decision, and the plaintiff fails to timely object.

    The ALJ finds that the plaintiff's mental impairments are "mild." (Doc. 24 at 8)  The magistrate judge's report argues that "even if the ALJ erred by finding Plaintiff's mental impairments to be non-severe, the error would be harmless because the ALJ found at least one severe impairment." (Doc. 24 at 5)  The magistrate judge observes that the ALJ not only notes the conflicting evidence about the plaintiff's mental faculties, but the ALJ also addresses and refutes the countervailing evidence.  That is, the ALJ's determinations, based on medical and non-medical evidence,

amply support a finding that the plaintiff's mental impairments are "non[-]severe." (Doc. 24 at 8)  And the plaintiff's assertion of severe limitations lacks support from an "acceptable medical source."  (Doc. 24 at 9)

Next, the magistrate judge concludes (1) that the ALJ "adequately considered all of Plaintiff's impairments, both severe and non-severe, in combination"; (2) that "substantial evidence" supports the ALJ's findings; (3) that the ALJ aptly considered the plaintiff's church activity, work on "social justice issues," and recent travels to support his determination that the plaintiff lacks either a social deficit or a severe mental limitation; and (4) that the balance of the medical examinations, considered in light of the dearth of support from an "acceptable medical source," buttresses the ALJ's determination about the plaintiff's mental capability.[1] (Doc. 24 at 10)

Also, the magistrate judge "find[s no] misstatements . . . or assumptions by the ALJ that warrant a reversal," despite the plaintiff's assertion to the contrary. (Doc. 24 at 16)  The magistrate judge reasons that record evidence corroborates the plaintiff's ability to "perform a reduced range of sedentary work," which evidence includes the plaintiff's ability to lift her ten-pound dog.  (Doc. 24 at 17)

Finally, the magistrate judge finds no issue with the ALJ's evaluation of statements by the plaintiff's husband.  Not only did the ALJ consider and address the husband's statements, but also "the explicit credibility determination as to Plaintiff's

---

[1] The ALJ's analysis of medical examinations includes medical reviews by Dr. Alves, who concludes that the plaintiff is impaired. (Doc. 24 at 13–15)

testimony sufficiently implies a rejection of [her husband's] testimony as well." (Doc. 24 at 19) (*quoting Harrington v. Astrue*, 2009 WL 3232347, *7 (M.D. Fla. 2009). The magistrate judge argues that the ALJ correctly observes inconsistencies between attestations from the plaintiff's husband and "medical and other evidence of record." (Doc. 24 at 18)  For example, the ALJ observes (1) that the plaintiff reported that she "was still driving" and (2) that a review of the medical examinations reveals the plaintiff's sufficient visual acuity.  (Doc. 24 at 18–19)

      The magistrate judge — after considering the record evidence, the relevant legal authority, and the ALJ's findings — recommends affirming the commissioner's decision that the plaintiff "was not disabled within the meaning of the Social Security Act for the time period in question."  (Doc. 24 at 20)  The magistrate judge's report is well-reasoned, supported by record evidence, and compelled by relevant authority.  Further, the plaintiff fails to timely object to the report and recommendation.  Accordingly, the magistrate judge's report and recommendation is **ADOPTED** and the commissioner's decision is **AFFIRMED**.  The clerk is directed to enter judgment in favor of the commissioner of Social Security, to terminate any pending motion, and to close the case.

      ORDERED in Tampa, Florida, on July 6, 2020.

                                              STEVEN D. MERRYDAY
                                              UNITED STATES DISTRICT JUDGE